Filed 6/22/26  P. v. Williams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JOSEPH WILLIAMS,<br>　　　Defendant and Appellant. | C103885<br><br>(Super. Ct. No. 08F01226) |

　　　A jury found defendant Joseph R. Williams guilty of manslaughter and of being a felon in possession of a firearm, and found true a firearm enhancement allegation. (*People v. Williams* (May 29, 2014, C068754) [nonpub. opn.] (*Williams*).)[1]  Defendant admitted a prior prison term enhancement allegation.  The trial court sentenced defendant to an aggregate 22 years in prison, consisting of the upper term of 11 years for the manslaughter, a consecutive upper term of 10 years for the firearm enhancement, a consecutive one year for the prior prison term enhancement, and a concurrent but stayed eight months for being a felon in possession of a firearm.  In addition, among other things, the trial court imposed a $4,600 restitution fine, an equivalent parole revocation fine, a $27.22 jail classification fee, and a $242.29 booking fee.  Later, after receiving

---

[1]  Our unpublished opinion in defendant's prior appeal has been incorporated as part of the appellate record.  (*Williams, supra*, C068754.)

1

notice from the Department of Corrections and Rehabilitation that defendant was eligible for resentencing under Penal Code section 1172.75,[2] the trial court struck the prior prison term enhancement, reimposed the remainder of the prior sentence, and resentenced defendant to an aggregate 21 years in prison.

Defendant now contends (1) the trial court violated his Sixth Amendment right to a jury trial when it reimposed the upper terms for his manslaughter conviction and firearm enhancement without satisfying the proof requirements of section 1170, subdivision (b); and (2) the trial court should not have reimposed the restitution fine, jail classification fee, and booking fee because they are unenforceable and uncollectible.

Finding merit in defendant's second contention but not the first, we will modify the judgment to strike the restitution fine, jail classification fee, and booking fee, and affirm the judgment as modified.

BACKGROUND

After a confrontation in front of a hotel, defendant shot and killed a man. (*Williams, supra*, C068754.)  The jury acquitted defendant of murder but found him guilty of manslaughter (§ 192, subd. (a)), found true a firearm enhancement allegation (§ 12022.5, subd. (a)(1)), and also found defendant guilty of being a felon in possession of a firearm (former § 12021, subd. (a)).  (*Williams, supra*, C068754.)  Defendant admitted a prior prison term enhancement allegation.

At the original sentencing, the trial court found five aggravating sentencing factors true, concluded that the circumstances in aggravation outweighed the circumstances in mitigation, and that the aggravating circumstances justified an upper term on both the manslaughter conviction and the firearm enhancement.  The trial court stated that defendant represented an extreme danger to the community.  It sentenced defendant to an

---

[2] Undesignated statutory references are to the Penal Code.

aggregate 22 years in prison, consisting of the upper term of 11 years for the manslaughter, a consecutive upper term of 10 years for the firearm enhancement, a consecutive one year for the prior prison term enhancement (§ 667.5), and a concurrent but stayed eight months for being a felon in possession of a firearm (former § 12021, subd. (a)). Among other things, the trial court imposed a $4,600 restitution fine (§ 1202.4, subd. (b)), an equivalent parole revocation fine (§ 1202.45), a $27.22 jail classification fee (Gov. Code, former § 29550.2), and a $242.29 booking fee (Gov. Code, former § 29550.2).

In September 2019, the Department of Corrections and Rehabilitation informed the trial court that defendant was eligible for resentencing under section 1172.75. The trial court appointed counsel for defendant and requested briefing from the parties.

In his resentencing brief, defendant asked the trial court to dismiss the prior prison term enhancement and the firearm enhancement and resentence him to the low or middle term on the manslaughter conviction. He argued that his age (40 years old) and his rehabilitative efforts over the 16 years he had been incarcerated reduced his risk of future violence. As to the enhancements, he argued the factors under section 1385, subdivision (c), as amended, supported dismissal because imposition of the enhancements resulted in a sentence exceeding 20 years and there was no evidence he posed a risk of harm to anyone.

In their opposition, the People agreed that the prior prison term enhancement should be dismissed, but they urged the trial court to leave the remainder of the sentence unchanged because dismissal of the firearm enhancement would endanger public safety. The People pointed to defendant's probation report showing his criminal history, and his rules violation report showing he had participated in two riots.

At the resentencing hearing, the trial court indicated it was inclined to reimpose the original sentence minus the prior prison term enhancement. It considered mitigating factors like defendant's age when he committed the offense (23 years old) and his

3

rehabilitative efforts while incarcerated, and it considered aggravating factors like his participation in prison riots and his criminal history, beginning when he was a minor. The trial court noted that defendant was found to be in possession of a loaded firearm on multiple occasions despite being a convicted felon. And it acknowledged there were conflicting court of appeal decisions, including this court's decision in *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455 (*Brannon-Thompson*), on whether the trial court could reimpose upper terms if a jury had not found the aggravating circumstances true.

Defense counsel argued there were other mitigating factors that warranted imposition of the middle term. He argued the shooting was an act of imperfect self-defense and that defendant, who was intoxicated at the time, was provoked. Defense counsel added that defendant was scheduled to be released in a few months and had good prospects following release.

The People asked the trial court to strike the prior prison term enhancement but reimpose the remainder of the original sentence, noting it would be a "paper commitment" because defendant was scheduled to be released.

After hearing from the parties, the trial court applied the factors in section 1385 as amended and considered the fact that defendant would soon be released. It had concerns about defendant's substance abuse and his tendency to carry firearms, and it believed being on parole and subject to supervision would help defendant. The trial court struck the prior prison term enhancement and reimposed the remainder of the prior sentence (an aggregate 21 years in prison), including the upper terms on the manslaughter conviction and the firearm enhancement, along with the original fines and fees.

DISCUSSION

I

Defendant contends the trial court violated his Sixth Amendment right to a jury trial when it reimposed the upper terms for his manslaughter conviction and firearm

4

enhancement without satisfying the proof requirements of section 1170, subdivision (b). Specifically, he argues section 1170, subdivision (b)(2), as amended, required the trial court to either sentence him to a low term or have a jury find the aggravating circumstances true beyond a reasonable doubt before reimposing the upper term. Acknowledging that this court's prior decision in *Brannon-Thompson* does not support his argument, defendant urges us to instead adopt the reasoning in *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*).

A

We review matters of statutory interpretation de novo. (*People v. Braden* (2023) 14 Cal.5th 791, 804.) We review a trial court's discretionary sentencing decisions for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) " 'Unless the record affirmatively demonstrates otherwise, the trial court is deemed to have considered all the relevant sentencing factors set forth in the rules.' " (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.) " 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " (*Carmony,* at p. 377.) Therefore, we do not reverse a trial court's exercise of discretion just " ' "because reasonable people might disagree." ' " (*Id.* at p. 377) For us to reverse, the trial court's decision must be "so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary." ' " (*Id.* at pp. 367-377.) Where " 'the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law,' " we affirm its ruling. (*Id.* at p. 378.)

In 2007, the United States Supreme Court held that California's former determinate sentencing scheme violated a defendant's Sixth Amendment right to a jury trial by assigning "to the trial judge, not to the jury, authority to find the facts that expose[d] [the] defendant to an elevated 'upper term' sentence" by preponderance of the

5

evidence.  (*Cunningham v. California* (2007) 549 U.S. 270, 274 (*Cunningham*).)  The Sixth Amendment required "any fact that exposes a defendant to a greater potential sentence [to] be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence."  (*Id*. at p. 281.)

Following *Cunningham v. California*, the California Legislature amended section 1170, subdivision (b) to grant trial courts broad discretion to choose a sentencing term within the statutory range of options.  (Stats. 2007, ch. 3, § 2.)  When a statute specifies three possible terms for an offense, "the choice of the appropriate term shall rest within the sound discretion of the [trial] court."  (See § 1170, subd. (b), as amended by Stats. 2007, ch. 3, § 2.)  Defendant was sentenced under that version of section 1170, subdivision (b) in 2011.  (Stats. 2010, ch. 256, § 5.)

Effective in the year 2022, the Legislature again amended section 1170, subdivision (b) (Stats. 2021, ch. 731, § 1.3) to limit a trial court's discretion to impose the upper term of a sentencing triad.  (*People v. Lynch* (2024) 16 Cal.5th 730, 757, 773 (*Lynch*).)  Under the current version of section 1170, subdivision (b), trial courts may impose a sentence that exceeds the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2); see *People v. Wiley* (2025) 17 Cal.5th 1069, 1078 (*Wiley*).)

Recently, the United States Supreme Court clarified in *Erlinger v United States* (2024) 602 U.S. 821 (*Erlinger*) that any determination beyond the bare fact of a defendant's prior conviction and its elements must be made by a jury.  (*Id*. at pp. 822-823.)  "[A] judge may 'do no more consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' "  (*Id*. at p. 838.)  Following *Erlinger*, the California Supreme Court confirmed that the Sixth Amendment

requires " '[v]irtually "any fact" ' that increases 'a defendant's exposure to punishment . . . [to] "be submitted to a jury" and found unanimously and beyond a reasonable doubt.' " (*Lynch, supra*, 16 Cal.5th at pp. 761-762.) "[A] Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if . . . other aggravating facts relied on have been properly established." (*Id.* at p. 768.) Under section 1170, subdivision (b), "a defendant is entitled to a jury trial on all aggravating facts, other than the bare fact of a prior conviction and its elements, that expose the defendant to imposition of a sentence more serious than the statutorily provided midterm." (*Wiley, supra*, 17 Cal.5th at p. 1086, fn. omitted.)

In *Lynch*, the California Supreme Court held that section 1170, subdivision (b), as amended, and the Sixth Amendment jury trial requirement for aggravating facts, apply where the judgment is not final. (*Lynch, supra*, 16 Cal.5th at pp. 742-743.)

In 2021, the Legislature invalidated prior prison term enhancements imposed under section 667.5, former subdivision (b), except for those enhancements imposed in cases where a defendant was convicted for a sexually violent offense. (§ 1172.75, subd. (a).) Included in section 1172.75 was a procedural mechanism for resentencing defendants whose sentences include the invalid enhancement. (*People v. Christianson* (2023) 97 Cal.App.5th 300, 305.) When notified that a defendant is eligible for relief under section 1172.75, the trial court must "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) In resentencing the defendant, section 1172.75 requires the trial court to apply the sentencing rules of the Judicial Council, as well as "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "Unless the trial court originally imposed the upper term," section 1172.75 precludes a trial court from resentencing a defendant to a sentence exceeding the middle term unless the "circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term . . . have been stipulated to by the defendant,

7

or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(4); accord § 1170, subd. (b)(2).)

B

Defendant contends section 1172.75, subdivision (d)(2) required the trial court to comply with the proof requirements in section 1170, subdivision (b)(2) when it reimposed the upper terms for manslaughter and the firearm enhancement. He argues that interpreting section 1172.75, subdivision (d)(4) to create an exception to the proof requirements in section 1170, subdivision (b)(2) runs afoul of the Sixth Amendment.

As defendant acknowledges, there is a split among the courts of appeal on whether a trial court may reimpose a previously imposed upper term sentence under section 1172.75, subdivision (d)(4) where the facts underlying one or more aggravating circumstances were neither stipulated to by the defendant nor found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. The California Supreme Court granted review to resolve the question. (See *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.)

This court has held that the plain language of section 1172.75, subdivision (d)(4) indicates that the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing. (*Brannon-Thompson, supra*, 104 Cal.App.5th at pp. 466-467.) The proof requirements in the current version of section 1170, subdivision (b)(2) do not apply where a trial court is reimposing an upper term that was previously imposed. (*Brannon-Thompson*, at p. 467.) Defendant urges us not to follow this court's decision in *Brannon-Thompson* and instead to adopt the different conclusion set forth in *Gonzalez, supra*, 107 Cal.App.5th at pp. 328-329. We decline to do so. In *Brannon-Thompson,* guided by "well-established canons of statutory construction," this court held that the plain language in section 1172.75, subdivision (d)(4) carves out an exception to the fact-finding proof

8

requirements of section 1170, subdivision (b)(2) where a court is reimposing an upper term. (*Brannon-Thompson,* at p. 466; see *id.* at pp. 466-467.) As the court explained in *People v. Mathis* (2025) 111 Cal.App.5th 359, review granted August 13, 2025, S291628 (*Mathis*), when the Legislature expresses its intent that an ameliorative change not apply "to proceedings that occur after a defendant's conviction or sentence has been vacated," as it did with section 1172.75, subdivision (d)(4), we follow its intent. (*Mathis,* at p. 374, quoting *People v. Padilla* (2022) 13 Cal.5th 152, 162.) We see no reason to depart from this court's interpretation of section 1172.75, subdivision (d)(4) in *Brannon-Thompson.*

Defendant nevertheless contends that such an interpretation runs afoul of the Sixth Amendment. Again, we disagree.

There is no dispute that the additional factual determinations that are used to impose the upper term under the current version of section 1170, subdivision (b)(2) implicate the Sixth Amendment right to a jury trial. (*Lynch, supra*, 16 Cal.5th at pp. 759-760.) "It is the requirement of additional factfinding that brings the Sixth Amendment into play." (*Id*. at p. 759.) When defendant was sentenced in 2011, however, his sentence was imposed under a version of section 1170, subdivision (b) that granted trial courts broad discretion to select any of the three applicable prison terms. (Stats. 2010, ch. 256, § 5.) The United States Supreme Court in *Cunningham* held that a sentencing scheme like the one under which defendant was originally sentenced would not violate the Sixth Amendment right to a jury trial. (*Cunningham, supra*, 549 U.S. at p. 294.) As *Lynch* explained, under that sentencing scheme, a trial court was not required to find a particular fact to justify imposition of the upper term. (*Lynch*, at pp. 747-748.) "Where, as here, the trial court elects to retain an upper term sentence that complied with the Sixth Amendment when originally imposed, the court need not engage in any additional factfinding under section 1172.75, subdivision (d)(4)." (*Mathis, supra*, 111 Cal.App.5th at pp. 373-374.) The trial court's reimposition of the upper terms does not implicate the Sixth Amendment. (*Id*. at p. 373.)

II

Defendant further contends the trial court should not have reimposed the restitution fine, jail classification fee, and booking fee because they are unenforceable and uncollectible.  The People agree.  Defendant also initially claimed that the trial court should not have reimposed the equivalent parole revocation fine, but after the California Supreme Court issued its decision in *People v. Kopp* (2025) 19 Cal.5th 1 (*Kopp*), defendant withdrew that portion of his contention.

The trial court originally imposed the restitution fine in July 2011.  Since then, the Legislature amended section 1465.9 to provide that restitution fines under section 1202.4 are uncollectible and unenforceable after 10 years and that the part of the judgment imposing the fine must be vacated.  (*Kopp, supra*, 19 Cal.5th at p. 17, quoting § 1465.9, subd. (d); Stats. 2024, ch. 805, § 1.)  Because the restitution fine of $4,600 was originally imposed more than 10 years before the trial court resentenced defendant, under section 1465.9, subdivision (d), the trial court should not have reimposed the restitution fine when it resentenced defendant in 2025.

The trial court also should not have reimposed the booking fee and jail classification fee under Government Code section 29550.2, because the Legislature repealed that section effective July 1, 2021.  (Assem. Bill No. 1869 (2019-2020 Reg. Sess.); Stats. 2020, ch. 92, § 11.)  Government Code section 6111 provides that after July 1, 2021, the unpaid balance of court-imposed costs under several statutes, including Government Code section 29550.2, are "unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."

DISPOSITION

The judgment is modified to strike the restitution fine (§ 1202.4, subd. (b)), jail classification fee (Gov. Code, former § 29550.2), and booking fee (Gov. Code, former § 29550.2).  The judgment is affirmed as modified.  The trial court is directed

10

to amend the abstract of judgment to reflect the judgment as modified and to forward a certified copy to the Department of Corrections and Rehabilitation.

/S/
MAURO, Acting P. J.

We concur:

/S/
RENNER, J.

/S/
FEINBERG, J.

11